PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| AKRON BOARD OF EDUCATION, | ) | |
| | ) | CASE NO. 5:16CV188 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JASON D. WALLACE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **ORDER** [Resolving ECF Nos. 14, 20] |


Pending before the Court are Plaintiff's Motion to Consolidate the above-captioned case and *Barney v. Akron Board of Education*, Case No. 5:16cv112 (ECF No. 20) and Plaintiff's Motion to Strike Defendant's Notice of Supplemental Authority (ECF No. 14).  For the reasons provided below, the Court denies the motion to consolidate and grants the motion to strike.

**I. Plaintiff's Motion to Consolidate (ECF No. 20)**

Plaintiff filed a Motion to Consolidate this case, a claim for attorney's fees, with *Barney v. Akron Board of Education*, Case No. 5:16cv112, the administrative appeal from which this claim arose.

Pursuant to Federal Rule of Civil Procedure 42(a), a court may consolidate two or more cases if the actions involve a common question of law or fact.  Fed. R. Civ. P. 42(a)(2). "Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court . . . . " *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1992).  In deciding whether to consolidate cases for trial, the court considers the

(5:16CV188)

following factors: (1) whether the specific risk of prejudice and possible confusion are

outweighed by the risk of inconsistent adjudication of common factual and legal issues; (2) the

burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits; (3)

the length of time required to conclude multiple suits as opposed to a single one; and (4) the

relative expense to all parties of a single trial versus multiple trials. *Cantrell*, 999 F.2d at 1011.

Because the cases differ significantly in substance and procedural posture, they are

unsuitable for consolidation. In this instance, there would be little benefit from consolidating the

two actions. Both cases are already on the Court's docket, and consolidation would not give the

Court a more thorough understanding of the issue than it has now. Moreover the issues are fairly

distinct and do not lend themselves to consolidation. The case at hand is an action for attorney's

fees. *Barney* is an administrative appeal dealing with a student's right to public education and

disability accommodations. Furthermore, consolidation of the cases would do little to promote

judicial economy. Given that the cases are at different procedural postures, the Court would, for

the most part, still have to handle the two matters separately.

For the reasons above, Plaintiff's Motion to Consolidate is denied.

**II. Plaintiff's Motion to Strike (ECF No. 14)**

Plaintiff has filed a Motion to Strike Defendants' Notice of Supplemental Authority (ECF

No. 13). ECF No. 14. Defendants filed a Motion for Judgment on the Pleadings. ECF No. 6.

As a supplement to its brief in support of the motion (ECF No. 7), Defendants filed a letter of

findings issued by the Denver, Colorado division of the Office for Civil Rights agency ("OCR").

ECF No. 13. In that proceeding, the OCR evaluated a student's discrimination claim, alleging

2

(5:16CV188)

that the school exposed him to serious food allergens.  *Id.* at PageID #: 281–83.  The OCR

ultimately held that the school's failure to accommodate the student's allergies amounted to a

failure to provide free appropriate public education.  *Id.* at PageID #: 286.  Defendants assert that

the decision is instructive because it helps illustrate the "seriousness of the underlying

administrative proceedings[.]"  ECF No. 13 at PageID #: 278.

      Generally, a court must evaluate a Rule 12(c) motion for judgment on the pleadings based

on the sufficiency of the complaint as it stands.  *See Northville Downs v. Granholm*, 622 F.3d

579, 585 (6th Cir. 2010); *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494,

502–03 (6th Cir. 2006).  If a court fails to exclude outside evidence, the Rule 12(c) motion

generally converts to a motion for summary judgment, requiring notice to both parties and an

opportunity for them to submit additional evidence.  *Max Arnold & Sons, LLC*, 452 F.3d at 504.

There are, however, limited instances where a party may submit supplemental authority for a

motion for judgment on the pleadings.  For example, if there has been a change in the relevant

law, supplemental authority would be proper.  *See, e.g., General Elec. Co. v. Latin American

Imports, S.A.*, 187 F.Supp.2d 749, n.1 (W.D. Ky. 2001) (explaining that notice of supplemental

authority "when utilized for the purpose of supplementing argument on pending motions, should

be used sparingly and for new, controlling case law . . . ."); *Young v. CACH, LLC*, No.

4:12CV0399, 2013 WL 999237 (N.D. Ohio 2013) (reasoning by analogizing to the Federal Rules

of Appellate Procedure 28(j) that supplemental authority was improper).

      Defendants present no evidence that this filing reflects some recent development in the

law.  In fact, the case is not particularly relevant to the Court's evaluation of Plaintiff's

3

(5:16CV188)

Complaint.  A letter of findings from an Office of Civil Rights located in Colorado is not binding

authority on a court in the Northern District of Ohio.  Moreover, the letter was never intended to

be used as binding precedent.  As the OCR noted in its conclusion:

> This letter sets forth OCR's determination in an individual OCR case. This letter
> is not a formal statement of OCR policy and should not be relied upon, cited, or
> construed as such.

ECF No. 13 at PageID #: 285.

Furthermore, although Defendants purport to include the letter of finding to help explain

the severity of the underlying administrative case, the letter is of little value.  *Id.* at PageID #:

278.  Given that the Court is also considering the underlying administrative appeal in a separate

matter, the Court is already aware of its seriousness.  Additionally, the cited letter ruling deals

exclusively with the substantive matters at issue in the administrative appeal, and does nothing to

illuminate the issue of attorney's fees—the pertinent matter in this case.

Accordingly, for the aforementioned reasons, Plaintiff's Motion to Strike is granted.


IT IS SO ORDERED.


 September 6, 2016                                  */s/ Benita Y. Pearson*
Date                                               Benita Y. Pearson
                                                   United States District Judge

4