PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AKRON BOARD OF EDUCATION, | ) | CASE NO. 5:16CV188 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| JASON D. WALLACE, *et al.*, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF Nos. 51, 52, and |
| Defendants. | ) | 56] |

**I.**

Pending before the Court are Plaintiff's Motion to Strike Untimely Answer and Counterclaim Filed by Defendants Jason Wallace, Daniel Bache, and Wallace & Bache, LLP (ECF No. 51) to which Defendants are opposed and, in the alternative, seek leave to file their Answer and Counterclaim (ECF No. 55); Plaintiff's Motion for Extension of Time to Answer, Move, or Otherwise Respond to Defendants' Counterclaims (ECF No. 52); and, Plaintiff's Motion to Dismiss (ECF No. 56). For the reasons set forth below, Plaintiff's Motion to Strike (ECF No. 51) is granted in part and denied in part. As such, the Court grants Defendants leave to file an answer, but denies leave to file a counterclaim. Plaintiff's Motion for Extension of Time (ECF No. 52) and Motion to Dismiss (ECF No. 56) are denied as moot.

**II.**

On October 9, 2017, and without leave from the Court, Defendants Jason Wallace, Daniel Bache, and Wallace & Bache, LLP (collectively "Defendants") filed an Answer and

(5:16CV188)

Counterclaim to Plaintiff's First Amended Complaint. ECF No. 49. On October 17, 2017, Plaintiff moved to strike Defendants' Answer and Counterclaim. ECF No. 51. Plaintiff correctly argues that Defendants' Answer and Counterclaim were untimely filed, that is filed after the expiration of the Court's cutoff date of October 6, 2017, and were wrongfully filed without leave of Court, as required by Fed. R. Civ. P. 6(b). *Id.* at PageID#: 905; *see also* ECF No. 44 (Court Order granting Defendants' Motion for a 14-day extension of time to answer Plaintiff's First Amended Complaint). In response, Defendants contend that they timely filed their Answer and Counterclaim. ECF No. 55 at PageID#: 915. Defendants also assert that, in the event their Answer and Counterclaim are considered untimely, then, failure to do so should be deemed excusable neglect, as Defendants now seek leave to file their Answer and Counterclaim. *Id.*

### III.

Fed. R. Civ. P. 6(b) provides that when a party moves the court to accept a filing after the relevant cutoff date, the court may do so where the failure to file before the cutoff date was the result of excusable neglect. *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006). The determination of whether a party's failure to act in a timely fashion was because of "excusable neglect" under Rule 6 is a matter that falls within the trial court's discretion. *Id.* In determining whether a party's omission constitutes excusable neglect, courts must balance the following factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted

(5:16CV188)

in good faith." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

In their Response, Defendants argue that Plaintiff has not experienced any prejudice due to Defendants' untimely Answer and Counterclaim. ECF No. 55 at PageID#: 919. On March 17, 2017, Defendants moved for an extension of time to file an Answer or otherwise plead to Plaintiff's First Amended Complaint. ECF No. 43. On March 23, 2017, the Court issued an Order granting Defendants' request for an extension of time. ECF No. 44. Specifically, the Court stated in its Order granting Defendants' request for an extension that "[f]or good cause shown, the Court grants the Motion for Extension of Time. Within fourteen (14) days of the Court's entry of judgment in *Barney*, Defendants shall file their [A]nswer in this case." ECF No. 51 at PageID#: 906 (citing ECF No. 44 at PageID#: 687). On September 22, 2017, the Court entered judgment in the related administrative appeal, Case No. 5:16CV112, thereby, making Defendants' answer due on October 6, 2017. *See* ECF No. 36 (Case No. 5:16CV112). Defendants filed their Answer to Plaintiff's First Amended Complaint on October 9, 2017. ECF No. 49. Plaintiff now moves to strike Defendants' Answer that was filed late. Such a measure would run contrary to the federal court's strong preference that cases should be decided on their merits. *Clark v. Johnston*, 413 F. App'x 804, 819 (6th Cir. 2011) (noting that "the federal courts have a strong preference for trials on the merits"). Because Defendants' delay in filing their Answer was not extensive; the parties have substantively addressed the issues; and Plaintiff likely will not suffer any prejudice as a result of an untimely answer, the Court grants Defendants leave to file their Answer. *See Mommaerts v. Hartford Life & Accident Ins. Co.*, 472 F.3d 967,

3

(5:16CV188)

968 (7th Cir. 2007) (district court properly exercised its discretion in allowing answer to complaint to be filed shortly after pleading deadline had passed where the defendant's delay in answering a complaint was harmless).

To allow Defendants leave to file a counterclaim at this juncture, however, will cause Plaintiff to suffer prejudice, and require a significant delay in the case, as the parties likely cannot meet the fast approaching discovery cutoff and dispositive motion cutoff dates. There is another, equally compelling, reason to deny Defendants the filing of their counterclaim.

Under the doctrine of res judicata and claim preclusion, a party is barred from bringing a subsequent action when: "(1) a prior final, valid decision on the merits [was made] by a court of competent jurisdiction; (2) a second action involv[es] the same parties, or their privies, as the first; (3) a second action rais[es] claims that were or could have been litigated in the first action; and, (4) a second action aris[es] out of the transaction or occurrence that was the subject matter of the previous action." *United States ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 415 (6th Cir. 2016); *Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 F. App'x 268, 275 (6th Cir. 2016) (stating that the same four element test applies regardless of whether a party was a plaintiff or defendant in the prior action).

Defendants' proposed counterclaim, alleging Plaintiff initiated its fee action in retaliation for Defendants filing their due process complaint, presents facts and issues previously litigated in the related administrative appeal, Case No. 5:16CV112—in which the Court entered judgment in favor of Plaintiff. *See* ECF No. 36 (Case No. 5:16CV112). There, the Court reviewed the claims in Defendants' due process complaint brought on behalf of Appellant Delaina Barney's

4

(5:16CV188)

child, J.B., and affirmed the determinations of the state law review officer and impartial hearing officer regarding Akron Board of Education's lack of substantive and procedural violations of the Individuals with Disabilities Education Act (the "IDEA"). *Id.* Through their counterclaim, Defendants attempt to re-litigate what has been previously litigated or what could have been litigated in the related administrative appeal, Case No. 5:16CV112. *See* ECF No. 49 at PageID#: 863, ¶ 15. In considering Defendants' proposed retaliation claim, the Court would have to reexamine the facts and issues previously adjudicated in the related administrative appeal case to determine whether Defendants' "assertions regarding [Plaintiff] were either true or reasonably made" yet, Plaintiff filed its fee action as an act of retaliation. *See id.* Therefore, Defendants' attempt to re-litigate what they previously litigated or what could have been litigated in the previous administrative appeal, Case No. 5:16CV112, is barred by the doctrines of res judicata and claim preclusion.

Additionally, Defendants' proposed counterclaim that Plaintiff filed its fee action as an act of retaliation likely bears no weight. Under the IDEA, Plaintiff, as the prevailing party, is entitled to file an action for fees in an administrative proceeding. 20 U.S.C. § 1415(i)(3)(B)(i)(II-III). Plaintiff properly filed its fee action, pending the Court's ruling in the related administrative appeal, Case No. 5:16CV112, so as to not be barred by the statute of limitations. *See* ECF No. 47 at PageID#: 746. Therefore, granting Defendants' leave to file the proposed counterclaim would be futile and, if filed would cause Plaintiff to suffer prejudice.

Neither is the Court persuaded that Defendants acted with diligence in their attempt to

5

(5:16CV188)

meet the Court's Order to file their counterclaim, especially when Defendants were made well aware of the facts supporting Plaintiff's fee action from the date of its inception.

Fed. R. Civ. P. 16 permits modification of the Court's scheduling orders "only for good cause and with consent of the judge." Fed. R. Civ. P. 16. "Another important consideration for a district court deciding whether Rule 16's 'good cause' is met is whether the opposing party will suffer prejudice by virtue of the requested modification." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). In an attempt to properly address any issues brought up by the Defendants' proposed counterclaim and request for damages, Plaintiff will likely have to conduct discovery concerning the underlying matters that provide the basis for Defendants' proposed counterclaim. Should the Court grant Defendants leave to assert a counterclaim, at this late stage, Plaintiff will be prejudiced by an inability to conduct discovery or dispositive motions in a timely manner, as required by the Court's Case Management Order (ECF No. 31). Allowing a counterclaim after the time limit would undermine the reasons for these limits, such as avoiding prejudice to the opposing party as a result of delayed decisions. "A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckenhart*, 461 U.S. 424, 437 (1983).

Accordingly, the Court will allow Defendants to file an Answer but not a Counterclaim.

**IV.**

For the reasons set forth above, Plaintiff's Motion to Strike (ECF No. 51) is granted in part and denied in part; and, Plaintiff's Motion for Extension of Time (ECF No. 52) and Motion to Dismiss (ECF No. 56) are denied as moot.

(5:16CV188)

Accordingly, Defendants Jason Wallace, Daniel Bache, and Wallace & Bache, LLP's Answer to Plaintiff's First Amended Complaint (ECF No. 49) remains on the docket, the Counterclaim is stricken in its entirety.

IT IS SO ORDERED.

| | |
|---|---|
|  November 22, 2017  |  */s/ Benita Y. Pearson*  |
| Date | Benita Y. Pearson |
| | United States District Judge |