PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| AKRON BOARD OF EDUCATION, | ) | |
| | ) | CASE NO. 5:16CV188 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JASON D. WALLACE, *et al.*, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF No. 46] |

Pending before the Court is Defendant Roderick Linton Belfance, LLP's ("RLB") Motion for Judgment on the Pleadings and/or to Dismiss for Lack of Subject Matter Jurisdiction. ECF No. 46. Plaintiff Akron Board of Education (the "Board") opposes the motion. ECF No. 47. Defendant replied. ECF No. 48. This case involves an application for attorneys' fees and costs in connection with Defendants Jason Wallace, Daniel Bache, RLB, and Wallace & Bache, LLP's (collectively "Defendants") due process complaint filed on behalf of Delaina Barney's child against Plaintiff under the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. §§ 1400–1482.[1] For the reasons set forth below, Defendant RLB's Motion (ECF No. 46) is denied and the matter will proceed against the defendants named in the First Amended Complaint (ECF No. 36).

---

[1] *See* related case, Case No. 5:16-CV-112, *infra*.

## I. Background

On December 15, 2014, Defendants filed an IDEA due process complaint on behalf of Delaina Barney, the parent of J.B. ("Student"), against the Board challenging Student's Individualized Education Program ("IEP"), and alleging that he was not afforded a free appropriate public education ("FAPE"). ECF No. 36 at PageID#: 535. The complaint was received by the Ohio Department of Education, and an impartial hearing officer ("IHO") was assigned. *Id.* at PageID#: 538. The remedies sought by Defendants in filing the due process complaint included attorneys' fees for themselves, for the parent to be determined the prevailing party, compensatory education, extended school year services, and education in the least restrictive environment. *Id.* On June 11, 2015, the IHO issued a Decision denying the parent's due process complaint in its entirety, thereby, entitling the Board to prevailing party status. *Id.* at PageID#: 542.

Defendants appealed the decision of the IHO to the state law review officer ("SLRO"). *Id*. at PageID#: 546. After reviewing the record, the SLRO issued a Final Decision and Order on November 9, 2015, affirming the decision of the IHO. *Id.* The SLRO found that the IHO conducted the hearing in a fair and appropriate manner. ECF No. 36 at PageID#: 547.

In December 2015, Defendants continued to litigate their due process action by filing a Notice of Appeal seeking a review of the SLRO's decision in the Summit County, Ohio Court of Common Pleas, being Case No. CV-2015-12-5779. *Id.* The Board removed the case to this

(5:16CV188)

Court on January 19, 2016, on the basis of federal question jurisdiction, identified as Case No. 5:16-CV-112. *See* ECF No. 1 at PageID#: 2 (Case No. 5:16-CV-112) (related case).

Pending resolution of the administrative appeal, Case No. 5:16-CV-112, Plaintiff Board filed an action to recover fees in the administrative proceedings under the IDEA. ECF No. 1. On February 7, 2017, Plaintiff filed a First Amended Complaint to recover attorneys' fees and costs against Defendants, while adding a new party—Defendant Wallace & Bache LLP, and clarifying their new address. ECF No. 36. Pursuant to the Court's Case Management Order (ECF No. 31), the Court stayed proceedings in this case until the final resolution of the administrative appeal, Case No. 5:16-CV-112. On September 22, 2017, the Court rendered judgment in favor of the Board, granting the Board's Motion for Judgment on the Administrative Record, and affirming the determinations of the IHO and SLRO. ECF Nos. 36 and 37 (Case No. 5:16-CV-112) (related case).

On May 5, 2017, Defendant RLB filed a Motion for Judgment on the Pleadings and/or to Dismiss for Lack of Subject Matter Jurisdiction. ECF No. 46. Plaintiff Board responded, ECF No. 47, and Defendant replied, ECF No. 48. For the reasons set forth below, the Court denies Defendant's Motion (ECF No. 46).

## II. Standard of Review

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir.

(5:16CV188)

2008). "To survive a [Rule 12(b)(6)] motion to dismiss, [the complaint] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (*quoting Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A court may dismiss a claim if its finds on the face of the pleading that "there is an insurmountable bar to relief indicating that the plaintiff does not have a claim[,]" *Ashiegbu v. Purviance*, 76 F. Supp.2d 824, 828 (S.D. Ohio 1998), *aff'd* 194 F.3d 1311 (6th Cir. 1999), *cert. denied*, 529 U.S. 1001 (2000).

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (*quoting Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008)). The Court "'must construe the complaint in the light most favorable to [the] plaintiff[.]'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (*quoting League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)).

### III. Discussion

Defendant RLB moves for judgment on the pleadings and/or to dismiss Plaintiff's First Amended Complaint on the bases that 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III) do not expressly impose vicarious liability on law firms; Plaintiff's action was not timely commenced within the alleged applicable statute of limitations; Plaintiff lacks standing to file a fee action under the IDEA; the Court is not authorized to award hearing officer and transcription fees as "costs" under

(5:16CV188)

20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III); and, Plaintiff's First Amended Complaint fails to plead facts that are sufficient to state a claim for relief under 20 U.S.C. § 1415(i)(3)(B)(i)(III). ECF No. 46. Each argument fails and is addressed in turn.

**A. Law Firm Liability Under 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III)**

Defendant argues that because 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III) do not explicitly state that a "court may award reasonable attorneys' fees as part of the costs to a prevailing party . . . against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous," as well as against a law firm, that it should be dismissed from this action. ECF No. 46-1 at PageID#: 713–14 (citing 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III)).[2] In addition to statutory guidance, however, the Court also looks to the rules governing federal civil procedure. Fed. R. Civ. P. 11(c)(1) states that "[a]bsent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." In reliance, Plaintiff aptly argues that under Fed. R. Civ. P. 11, "[t]he Court's 'inherent authority' to order sanctions of attorneys' fees is equally applicable to a party and the party's law firm for advancing meritless claims in bad faith or for an improper purpose." ECF No. 47 at PageID#: 739 (citing *Stalley v. Mountain States Health All.*, 2010 WL 446929, *3 (E.D. Tenn. Feb. 2, 2010), *aff'd sub nom. Stalley ex rel. U.S. v. Mountain States Health All.*, 644 F.3d 349, 351 (6th Cir. 2011)).

---

[2] While there is limited case law on the issue of whether 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III) impose liability at the law firm level, Plaintiff provides persuasive authority in which federal courts have considered and imposed liability against attorneys and their law firms that participate in the IDEA's *administrative proceedings* and against whom fees are sought pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III). *See* ECF No. 47 at PageID#: 739–740 (emphasis added).

5

(5:16CV188)

Furthermore, the Court's authority to order sanctions against RLB pursuant to 28 U.S.C. § 1927 is certainly applicable to this case, although not currently a basis of Plaintiff's IDEA fee petition.

Defendants Daniel Bache and Jason Wallace were employed as attorneys by Defendant RLB at the time the original IDEA due process complaint was filed against the Board. ECF No. 36. Having determined, in the related administrative appeal before this Court, Case No. 5:16-CV-112, that Defendants' due process complaint was frivolous, unreasonable, and without foundation when filed, the Court rendered judgment in favor of Plaintiff. *See* ECF Nos. 36 and 37 (Case No. 5:16-CV-112) (related case). Because Defendant RLB was fully aware that its associates at the time—Defendants Daniel Bache and Jason Wallace—initiated the due process complaint and continued to litigate its claims even after it had become patently obvious that their claims were meritless, Defendant RLB must also be held responsible for its former associates' advocacy of such claims against Plaintiff. The question remaining is what liability attaches after the administrative proceedings.

Defendant's motion for judgment on the pleadings is denied. While there may be a dearth of precedence establishing an award of fees against a law firm under 20 U.S.C. § 1415, that avenue is not foreclosed.[3] Also, it is clear the Court *sua sponte* or by properly served separate motion, may impose sanctions under Rule 11. And, 28 U.S.C. § 1927, whether invoked or not by Plaintiff, also remains a viable option. At the appropriate time, the parties will submit briefing

---

[3] As Plaintiff punctuates: "No legal authority has been submitted to this Court by Defendant that exempts law firms who engage in the business of suing school districts in special education due process hearings brought pursuant to the IDEA from having an interest in actions brought forth pursuant to the fee shifting provision under the same IDEA." ECF No. 47 at PageID#: 738.

(5:16CV188)

on the issue of whether and how any liability, judgment or sanctions, monetary or otherwise, should be determined and apportioned among the individual attorneys and the law firms that employed them.[4]

### B. Plaintiff Timely Commenced its IDEA Fee Action

At dispute is whether Plaintiff's fee action was timely filed. In its First Amended Complaint, Plaintiff seeks an award of attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B)(II) and (III). ECF No. 36. Defendant moves to dismiss Plaintiff's Amended Complaint by arguing that it is barred by Ohio Revised Code ("O.R.C.") §§ 119.092(C) and 119.12 that together provide a 45-day limitations period for a prevailing party of an administrative proceeding to commence an action in court to recover attorneys' fees and costs. ECF No. 46-1 at PageID#: 718.

The IDEA specifies that a party aggrieved by administrative findings and decisions made under the IDEA has a right to appeal the administrative findings by bringing an action in federal court. 20 U.S.C. § 1415(i)(2)(A). In 2004, Congress amended the IDEA to add current subparagraph (i)(2)(B), which provides that, such actions must be brought within 90 days from the date of the hearing officer's decision or in such time as explicitly provided by state law for bringing such actions. *D.G. ex rel. LaNisha T. v. New Caney Indep. Sch. Dist.*, 806 F.3d 310, 313 (5th Cir. 2015). "Prior to that amendment, the [IDEA] did not specify any limitations period

---

[4] The Court grants Plaintiff's motion for a telephonic status conference. ECF 54. A separate order will issue scheduling that event.

(5:16CV188)

for the filing of a civil action by an aggrieved party, and courts borrowed statutes of limitations from state law." *Id.* at 313; *see* 20 U.S.C. § 1415(i)(2)(B).

The IDEA does not authorize the recovery of attorneys' fees by the prevailing party in administrative proceedings. *D.G. ex rel. LaNisha T.*, 806 F.3d at 318. Rather, Congress provided independent court action for such relief with no express statute of limitations for these actions. *See* 20 U.S.C. § 1415(i)(3)(B). "The Senate Report detailing the [IDEA] amendments that included current § 1415(i)(2)(B) explains that the Act as amended 'contains a new provision, . . . which gives a party 90 days from the date of the decision of the hearing officer *for appealing a due process hearing decision to State or federal district court*, or if there is an explicit State time limitation set out by State statute or regulation, in such time as the State law allows.'" *D.G. ex rel. LaNisha T.*, 806 F.3d at 318 (citing S. Rep. No. 108–185, at 42 (2003)) (emphasis added). This Senate Report implies that Congress intended the IDEA's limiting statute to apply exclusively to due process appeals to federal court and not to separate fee actions. *Id.*; *see G–N v. City of Northampton*, 60 F. Supp. 3d 267, 269 (D. Mass. 2014); *Brandon E. v. Dep't of Educ.*, 621 F. Supp. 2d 1013, 1016 (D. Haw. 2008).

Accordingly, for causes of actions for attorneys' fees created before December 1, 1990 and with no express limitations period, "[i]t is the usual rule that . . . a court 'borrows' or 'absorbs' the local time limitation most analogous to the case at hand." *D.G. ex rel. LaNisha T.*, 806 F.3d at 319 (quoting *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 355 (1991) *superseded by statute on other grounds as stated in Merck & Co., Inc. v. Reynolds*, 559 U.S. 633 (2010)). "'State limitations periods,' however, 'will not be borrowed if their

8

(5:16CV188)

application would be inconsistent with the underlying policies of the federal statute.'" *Id.* (quoting *Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355, 367 (1977)). Federal law may be borrowed instead "only 'when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking.'" *Id.* at 319–320 (quoting *Reed v. United Transp. Union*, 488 U.S. 319, 324 (1989)).

Defendant first contends that the most analogous state provision is the 15-day period for appealing an adverse agency decision provided under O.R.C. § 119.092(C). ECF No. 46-1 at PageID#: 717. Defendant asserts that the cutoff set forth in O.R.C. § 119.092(C) for filing such an appeal is "the period specified in section 119.12[D] of the Revised Code." *Id.* As set forth in O.R.C. § 119.12(D), an appeal by a party adversely affected by an agency decision shall be filed within 15 days after the mailing of the notice of the agency's order. *See* O.R.C. § 119.12(D). Defendant then goes on to argue that in combining the 15-day limitations period, as described above, with the 30-day limitation period under O.R.C. § 119.092(B)— that gives a party 30 days after an award where it is the prevailing party to file a request for fees with the agency— a prevailing party of an administrative proceeding ultimately has a combined 45-day limitations period to commence an action in court to recover attorneys' fees. ECF No. 46-1 at PageID#: 717–18.

As Plaintiff asserts in its opposition, the Court need not determine which state statute of limitations is most analogous in this situation. ECF No. 47 at PageID#: 745. In looking at the handful of cases that have considered this narrow issue interpreting the 2004 amendments to the

9

(5:16CV188)

IDEA, the Court adopts the approach taken by the Fifth, Seventh, and Eighth Circuits, "that the time limit for a party that prevails at an administrative IDEA hearing to seek attorneys' fees does not begin to run until the aggrieved party's time for challenging the hearing officer's decision expires." *D.G. ex rel. LaNisha T.*, 806 F.3d at 320; *see Brittany O. v. Bentonville Sch. Dist.*, 683 F. App'x 556, 558 (8th Cir. 2017); *McCartney C. ex rel. Sara S. v. Herrin Cmty. Unit Sch. Dist. No. 4*, 21 F.3d 173, 175–76 (7th Cir. 1994). "Upon expiration of this period, an administrative decision becomes final, and the parties know who is the prevailing party." *Brittany O.*, 683 F. App'x at 558. Here, the 90-day cutoff for the aggrieved party— the Parent— to challenge the November 9, 2015 state level review officer's decision was February 17, 2016. *See* ECF No. 36 at PageID#: 546, ¶ 74. Therefore, Plaintiff's complaint was timely filed on January 26, 2016—78 days from the state level review officer's decision, and well before the 90-day cutoff for Parent (the aggrieved party) to challenge the hearing officer's decision expired. ECF No. 47 at PageID#: 746.

Accordingly, Defendant's motion to dismiss is denied.

**C. Standing**

At issue is whether Plaintiff is a "prevailing party" under the IDEA pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III). The IDEA provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is a State educational agency or local educational agency . . . ." 20 U.S.C. § 1415(i)(3(B)(i)(II) and (III). "A 'prevailing party' is one who 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing

10

(5:16CV188)

suit.'" *Keene v. Zelman*, 337 F. App'x 553, 556 (6th Cir. 2009) (citing *Tompkins ex rel. A.T. v. Troy Sch. Dist.*, 199 F. App'x 463, 465 (6th Cir. 2006) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983))). "Such success alone, however is not enough. The term 'prevailing party' also requires that there be 'a *court-ordered* 'change [in] the legal relationship between [the plaintiff] and the defendant.''" *Tompkins ex. rel. A.T.* v. *Troy Sch. Dist.*, 199 F. App'x 463, 466 (6th Cir. 2006) (emphasis added) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989))). "Both judgments on the merits and 'settlement agreements enforced through a consent decree' qualify as 'court-ordered' changes with 'the necessary judicial imprimatur.'" *Id.* (citations omitted).

Defendant argues that because the resolution of the administrative appeal action, Case No. 5:16-CV-112, was pending before this Court, at the time Plaintiff filed its initial complaint for fees, Plaintiff could not be a prevailing party. ECF No. 46-1 at PageID#: 719. This argument, however, is now moot because on September 22, 2017, the Court ruled in favor of Plaintiff in Case No. 5:16-CV-112. *See* ECF No. 36 (Case No. 5:16-CV-112) (related case).

Therefore, Plaintiff is the prevailing party, and Defendant's motion to dismiss for lack of standing, is denied as moot. The Court need not further consider the issue.

### D. Plaintiff's Award of Costs (i.e., Hearing Officer Fees and Transcripts) under 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III)

In addition to attorneys' fees, Plaintiff seeks to recover expenses, related to hearing officer fees and transcripts, against Defendants pursuant to the IDEA's fee-shifting provision. ECF No. 36 at PageID#: 555. This provision states that "the court, in its discretion, may award

11

(5:16CV188)

reasonable attorneys' fees as part of the costs . . . to a prevailing party who is a State educational agency or local educational agency . . . ." 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III). The Sixth Circuit has held that a district court has "wide discretion" in awarding the prevailing party costs and attorneys' fees. Utica Cmty. Sch. v. Alef, 2017 WL 4461075, at *3 (6th Cir. Oct. 6, 2017).

In *Utica Community Schools v. Alef*, the Sixth Circuit concluded that administrative hearing costs are included within the term "costs" under the IDEA. Id. at *1–2; *see* Fox v. Vice, 563 U.S. 826 (2011) (holding that under 42 U.S.C. § 1988 a court may grant reasonable fees to the defendant where the plaintiff asserted both frivolous and non-frivolous claims, "but only for costs that the defendant would not have incurred but for the frivolous claims"); Krichinsky By & Through Krichinsky v. Knox Cty. Sch., 963 F.2d 847, 849–50 (6th Cir. 1992) (explaining that the IDEA's fee-shifting provision is interpreted by analogy to 42 U.S.C. § 1988, the attorney fee provision for civil rights actions). As the prevailing party of the administrative proceedings, Plaintiff seeks expenses that include the request for "$26,673.26 in costs related to court reporter and hearing officer fees incurred in the administrative proceedings" for Defendants' frivolous due process complaint. ECF No. 36 at PageID#: 555. Accordingly, the Court has "wide discretion" to consider Plaintiff's request for such costs under 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III). *See* Utica Cmty. Sch., 2017 WL 4461075 at *3.

### E. Plaintiff Successfully Plead Sufficient Facts to State a Claim for Relief Under 20 U.S.C. 1415(i)(3)(B)(i)(III)

In Plaintiff's First Amended Complaint, Plaintiff seeks attorneys' fees and costs from Defendants under 20 U.S.C. § 1415(i)(3)(B)(i)(III), which provides, in pertinent part, that "[i]n any action brought under this section, the court, in its discretion, may award reasonable

12

(5:16CV188)

attorneys' fees as part of the costs—(III) to a prevailing party who is a . . . state educational agency or local educational agency against the attorney of a parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20 U.S.C. § 1415(i)(3)(B)(i)(III).

In support of its relief sought, Plaintiff references, in its First Amended Complaint, the IHO's findings that "it became apparent through the course of the hearing that the due process complaint was 'hastily thrown together' by Defendants'" Defendants "failed to produce any credible evidence" on their claims, and that[,] although she did not have the authority to issue sanctions against Defendants for their bad faith actions by continuing to litigate meritless claims, "the weakness of Defendants' case as presented was so glaring, that [she] would be remiss not to acknowledge [the Board's] valid concerns." ECF No. 36 at PageID#: 543,¶¶ 50, 52; *Id.* at PageID#: 545, ¶ 67. Plaintiff then alleges that despite the IHO's findings, Defendants continued to litigate the same issues in their due process complaint that were found to be frivolous, unreasonable, and without foundation. *See id.* at PageID#: 546, ¶ 69. Plaintiff next provides the findings of the SLRO, who affirmed the IHO's decision, that "Defendants failed to carry their burden of proof on every issue brought forth in their due process complaint, entitling the Board to prevailing party status." *Id.* at PageID#: 546–47, ¶ 74. In disregarding the findings of two hearing officers, Defendants continued to improperly litigate this case by filing yet another appeal to the Summit County, Ohio Court of Common Pleas Common, which was removed to federal court. *See* ECF No. 1 (Case No. 5:16-CV-112) (related case).

13

(5:16CV188)

Defendant contends that Plaintiff failed to plead sufficient facts to state a claim for relief under 20 U.S.C. § 1415(i)(3)(B)(i)(III) and, therefore, Plaintiff's First Amended Complaint fails as analyzed under *Iqbal*. ECF No. 46-1 at PageID#: 722. Defendant emphasizes that "Plaintiff is required to identify an 'improper purpose' for which the parent, through his or her attorney, has presented the complaint or a subsequent cause of action." *Id.*

As evidenced above, Defendant RLB's arguments do not support dismissal by any means. Defendants' due process complaint filed on behalf of Delaina Barney's child initiated the administrative proceedings, and, subsequently, opened the door for Plaintiff—the prevailing party in the administrative proceedings—to seek attorneys' fees and costs for Defendants' continued bad faith in litigating frivolous claims for an improper purpose. Therefore, Plaintiff has pled sufficient facts in its First Amended Complaint to state a claim for relief under 20 U.S.C. § 1415(i)(3)(B)(i)(III).

Lastly, Defendant argues that Plaintiff's claim for relief under 20 U.S.C. § 1415(i)(3)(B)(i)(III) should be dismissed because Plaintiff did not put Defendant on notice that it would allege a violation of 20 U.S.C. § 1415(i)(3)(B)(i)(III) in its First Amended Complaint. *See* ECF No. 46-1 at PageID#: 722. When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, Plaintiff's First Amended Complaint alleged sufficient factual allegations that gave Defendant fair notice that Plaintiff is seeking reimbursement of attorneys' fees and costs under both 20 U.S.C. § 1415(i)(3)(B)(i)(II)

14

(5:16CV188)

and 20 U.S.C. § 1415(i)(3)(B)(i)(III), as a result of Defendants' continued bad faith in pursuing frivolous and meritless claims for an improper purpose.

Therefore, Defendant's motion to dismiss is denied.

### IV. Conclusion

For the reasons set forth above, Defendant RLB's Motion for Judgment on the Pleadings and/or to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 46) is denied.

IT IS SO ORDERED.

 November 22, 2017                      /s/ Benita Y. Pearson
Date                                        Benita Y. Pearson
                                                United States District Judge