PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| AKRON BOARD OF EDUCATION, | ) | |
|---|---|---|
| | ) | CASE NO. 5:16CV188 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JASON D. WALLACE, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF Nos. 60, 65] |

Pending are Defendant Roderick Linton Belfance, LLP's ("RLB") Motion for Reconsideration of Apparent Findings and Conclusions in Order on Motion for Judgment on the Pleadings [ECF No. 58], ECF No. 60, and Plaintiff Akron Board of Education's Motion to Strike Defendant's Motion to Reconsider and Motion for Sanctions under the Court's Inherent Authority, ECF No. 65.

For the reasons that follow, the motion for reconsideration and revision is granted in part, the motion to strike is granted in part, and the motion for sanctions is denied.

**I. Background**

This action involves an application for attorney fees and costs in connection with Defendants' due process complaint filed on behalf of Delaina Barney's child against Plaintiff, under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1482. *See* Case No. 5:16CV112 (related case).

(5:16CV188)

Pending resolution of the administrative appeal, Case No. 5:16CV112 (related case), Plaintiff filed an action to recover fees in the administrative proceedings under the IDEA fee-shifting provision, 20 U.S.C. § 1415(i)(3)(B)(II) and (III). ECF No. 1. On February 7, 2017, Plaintiff filed a First Amended Complaint to recover attorney fees and costs from Defendants, and they added a new party Defendant Wallace & Bache, LLP. ECF No. 36. Pursuant to the Case Management Order, ECF No. 31, the Court stayed proceedings in this action until the final resolution of the administrative appeal, Case No. 5:16CV112. ECF No. 31 at PageID#: 377. On September 22, 2017, the Court rendered judgment in favor of Plaintiff, granting Plaintiff's Motion for Judgment on the Administrative Record, and affirming the determinations of the impartial hearing officer ("IHO") and state law review officer ("SLRO"). *See* Case No. 5:16CV112, ECF Nos. 36 and 37.

In the present case, Defendant RLB filed a Motion for Judgment on the Pleadings and/or to Dismiss for Lack of Subject Matter Jurisdiction.[1] ECF No. 46. On November 22, 2017, the Court issued a Memorandum of Opinion and Order (ECF No. 58) denying the motion. Defendant RLB then filed a Motion for Reconsideration of Apparent Findings and Conclusions in Order on Motion for Judgment on the Pleadings [ECF No. 58]. *See* ECF Nos. 60, 63. In response, Plaintiff filed a Motion to Strike RLB's Motion to Reconsider and Motion for Sanctions under the Court's Inherent Authority. ECF No. 65.

---

[1] Counsel for Defendant RLB previously filed a Motion for Judgment on the Pleadings on behalf of Defendants RLB, Wallace, and Bache. ECF No. 6. Because Plaintiff filed a First Amended Complaint, and counsel for Defendant RLB, Attorney Kurt R. Weitendorf, withdrew as counsel of record for Defendants Wallace and Bache, the motion was denied as moot. ECF No. 35.

2

(5:16CV188)

The Court first addresses the motion to strike and the motion for reconsideration in conjunction, then the motion for sanctions.

## II. Law and Analysis

**A. RLB's Motion for Reconsideration and Plaintiff's Motion to Strike**

Fed. R. Civ. P. 12(f) provides, in relevant part, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. The Sixth Circuit, however, allows for such an operation, reasoning that a motion to reconsider may be treated as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *See Rodriguez v. City of Cleveland*, 2009 WL 1565956, at *1 (N.D. Ohio June 6, 2009) (citing *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir.1979)). Nonetheless, such motions are disfavored and seldom granted because they contradict notions of finality and repose. *Id.*; *see also Wells Fargo Bank v. Daniels*, 2007 WL 3104760, at *1 (N.D. Ohio Oct. 22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Sigal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

A court may grant a motion to amend or alter judgment if there has been (1) a clear error of law; (2) an intervening change in controlling law; (3) newly discovered evidence; or (4) a showing of manifest injustice. *Jones v. Gobbs*, 21 F. App'x 322, 323 (6th Cir. 2001) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the

3

(5:16CV188)

initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August, 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)).

In this case, Plaintiff moves to strike Defendant RLB's Motion for Reconsideration and the attached exhibit ―"an IHO decision from an unrelated due process case dated May 24, 2016," on the basis that the motion "is unfounded, . . . contains misinformation, [and] fails to meet any legal standard for reconsideration . . . ." ECF No. 65 at PageID#: 1154-55.

With respect to the motion for reconsideration, Defendant RLB has made no arguments that there has been an intervening change in controlling law or that new evidence has become available. Instead, Defendant RLB argues that it "wants to clarify the record to ensure that the Court's Memorandum of Opinion and Order [ECF No. 58] does not preclude evidence and argument as to facts and law that were beyond the proper scope of a ruling on RLB's Motion for Judgment on the Pleadings to avoid manifest injustice and a potential denial of due process." ECF No. 63 at PageID#: 986.

Essentially, Defendant RLB argues that it was clear error for the Court to determine that a law firm can be found liable under the IDEA fee action provision for the conduct of its former associates because (1) the Court did not determine that Defendants' due process complaint in the administrative appeal was frivolous when filed, and (2) Defendants' due process complaint was not frivolous. *Id.* at PageID#: 987-97.

In the context of Rule 59, a motion to reconsider "is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal."

4

(5:16CV188)

*Sherwood v. Royal Ins. Co. of Am.*, 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). In Defendant RLB's second motion for judgment on the pleadings an issue of contention was whether a law firm could be held liable under the IDEA fee-shifting provision, 20 U.S.C. § 1415(i)(3)(B)(II) and (III). ECF No. 46 at PageID#: 713. In determining that both lawyers and law firms may be held responsible under the IDEA fee-shifting provision, the Court found that Plaintiff properly brought an IDEA fee action against Defendants (lawyers and law firms), based in part on the Court's ruling in the related administrative appeal action. *See* Case No. 5:16CV112, ECF No. 36 (affirming the IHO and SLRO's respective determinations in Plaintiff's favor).

Accordingly, in addressing the issue of law firm liability, the Court explained that Defendant RLB could also be held liable under the IDEA fee-shifting provision. "Because Defendant RLB was fully aware that its associates at the time ̶ Defendants Daniel Bache and Jason Wallace ̶ initiated the due process complaint and continued to litigate its claims even after it had become patently obvious that their claims were meritless, Defendant RLB must also be held responsible for its former associates' advocacy of such claims against Plaintiff." ECF No. 58 at PageID#: 961. The Court further explained that sanctions may be imposed under Fed. R. Civ. Pro. 11 when a party and the party's law firm advance frivolous claims ̶ here evidenced by Defendants' filings in the administrative appeal action, Case No. 5:16CV112. *See* ECF No. 58 at PageID#: 960-61.

Nevertheless, in the instant motion to reconsider, Defendant RLB focuses its efforts on rehashing matters already decided in the administrative appeal action and otherwise relitigating

5

(5:16CV188)

already-concluded issues. *See*, *e.g.*, ECF No. 63 at PageID#: 988-92 (Defendant RLB's arguments on the related administrative appeal action). And although Defendant RLB provides a lengthy argument in defense of the due process complaint filed by its former associates, Wallace and Bache, Defendant RLB also raises a new argument to the effect that it should not be held responsible for its former associates' advocacy of frivolous claims against Plaintiff because "there is no sworn testimony nor any judicial admission" in this case to establish that Defendant RLB was associated with Wallace and Bache or was made aware of their actions in the administrative appeal action. *Id.* at PageID#: 998. It is undisputed that Defendants Wallace and Bache filed the underlying due process complaint while associated with and under the employ of Defendant RLB. *See id.*; ECF No. 66 at PageID#: 1168. The Court finds no clear error in its previous decision that law firm liability is applicable to Defendant RLB under the IDEA fee-shifting provision.

Defendant RLB points to precedent in this circuit holding that a law firm itself cannot be sanctioned under 28 U.S.C. § 1927. *See BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 751 (6th Cir. 2010). RLB is correct. For that reason, its motion for reconsideration and revision is granted as to the narrow question of whether Defendant RLB may be sanctioned under 28 U.S.C. § 1927. The Court hereby clarifies that § 1927 does not apply to Defendant RLB because it is a law firm, not an individual attorney.[2] This revision, however, has no bearing on whether

---

[2] In its prior Order, the Court stated, "[T]he Court's authority to order sanctions against RLB pursuant to 28 U.S.C. § 1927 is certainly applicable to this case, although not currently a basis of Plaintiff's IDEA fee petition." ECF No. 58. The Court retracts the first part of that sentence, but that retraction does not change the litigants' positions.

6

(5:16CV188)

Plaintiff may recover fees from any Defendants for the underlying frivolous litigation because § 1927 is "not . . . a basis of Plaintiff's IDEA fee petition." *See* ECF No. 58 at PageID#: 961.

Accordingly, Plaintiff's motion to strike is granted as to all portions of Defendant RLB's motion not relating to law-firm liability under 28 U.S.C. § 1927, and Defendant RLB's motion for reconsideration and revision is granted only to the extent that it addresses the same.[3] The case shall proceed in accordance with the Case Management Order, ECF No. 31.[4]

### B. Motion for Sanctions

Plaintiff also seeks sanctions under 28 U.S.C. § 1927, Fed. R. Civ. Pro. 11, and the Court's inherent authority against Defendant RLB for filing the motion for reconsideration. ECF No. 65 at PageID#: 1157. As addressed above, the Court rules that sanctions may not be imposed against RLB under § 1927 because such sanctions are appropriate only as to individual attorneys.

Rule 11 prohibits attorneys from filing pleadings and motions "unless 'to the best of the [attorney]'s knowledge, information, and belief, formed after an inquiry reasonable under the

---

[3] While a § 1927 sanction may not be imposed against Defendant RLB as a law firm, such a sanction may still be imposed against the individual counsel of RLB if appropriate. *See BDT Products, Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 751-52 (6th Cir. 2010).

[4] Pursuant to the Court's Case Management Order, discovery was stayed pending the results of the administrative appeal in *Barney v. Akron Board of Education*, Case No. 5:16CV112. ECF No. 31 at PageID#: 377. Because the Court has since issued a ruling in that case, the parties shall proceed with discovery in this case. Although the discovery cutoff has passed, the Court is amenable to amending the case management schedule originally set in the Court's Case Management Order (ECF No. 31), if necessary. ECF No. 64 at PageID#: 1153.

(5:16CV188)

circumstances . . . the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.' " *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 528 (6th Cir. 2006) (quoting Fed. R. Civ. P. 11(b)). Sanctions are appropriate if the conduct for which sanctions are sought "was not 'reasonable under the circumstances.' " *Salkil*, 458 F.3d at 528 (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)). Rule 11 further requires that "[a] motion for sanctions . . . be made separately from any other motion and must describe the specific conduct that violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2).

Plaintiff argues that sanctions are warranted because Defendant RLB, in filing its motion for reconsideration, "did not make any attempt to demonstrate any legal error made by this Court at all," and it "seeks to continue to 'move the target' by attempting to resuscitate dead claims and arguments . . . ." ECF No. 65 at PageID#: 1158.

At this time, the Court finds that Defendant RLB's motion for reconsideration does not rise to the level of sanctionable conduct under Rule 11. Accordingly, Plaintiff's motion for sanctions is denied.[5]

### III. Conclusion

---

[5] As stated in a prior Order, ECF No. 58, "at the appropriate time, the parties will submit briefing on the issue of whether and how any liability, judgment or sanctions, monetary or otherwise, should be determined and apportioned among the individual attorneys and the law firms that employed them." ECF No. 58 at PageID#: 961-62. Therefore, because discovery has yet to be completed, and for the reasons stated above, the Court rejects Plaintiff's sanctions argument at this time without prejudice to its revival at a later stage if necessary.

8

(5:16CV188)

For the reasons stated above, Defendant RLB's Motion for Reconsideration ([ECF No. 60](#)) is granted in part.  Plaintiff's Motion to Strike Defendant RLB's Motion to Reconsider ([ECF No. 65](#)) is granted in part, and Plaintiff's Motion for Sanctions under the Court's Inherent Authority ([ECF No. 65](#)) is denied.

    IT IS SO ORDERED.

| | |
|---|---|
| September 19, 2018 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |